UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BARR, | No. 2:23-cv-2319 WBS AC |
| Plaintiff, | |
| v. | ORDER |
| AUTOZONERS, LLC; AUTOZONE, INC.; DWAYNE JOHNSON, and DOES 1to 100, inclusive., | |
| Defendants. | |

    This matter is before the court on defendants' motion to re-open expert discovery in this case and to compel an independent medical examination of plaintiff. ECF No. 18. Defendants (collectively "AutoZone") noticed this motion before the magistrate judge on the grounds that the request for an independent medical examination represents the main substance of the motion, and accordingly the motion is brought pursuant to Fed. R. Civ. P. 35(a) and referred to the undersigned by Local Rule 251(a). ECF No. 18 at 1. Defendants concurrently move to extend or re-open expert discovery deadlines pursuant to Fed. R. Civ. P. 16(b)(4). ECF No. 18 at 2.

    The parties submitted the required joint statement. ECF No. 20. The motion was taken under submission. ECF No. 19. For the reasons set forth below, the motion is GRANTED, and the rebuttal expert discovery deadline is EXTENDED to September 19, 2025, for the sole purpose of completing the rebuttal independent medical examination. No other deadlines are altered.

# I. Relevant Background

This case was removed from state court on October 13, 2023. Plaintiff was an employee of defendant AutoZone. ECF No. 1-1 at 6. Plaintiff is an African American who is also gay, and he alleges he experienced "egregious harassment based on his race and sexual orientation" during his employment with AutoZone. Id. at 7. Plaintiff sued defendants alleging multiple violations of state law, and claiming in relevant part that as a result of defendants' actions, he "has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to his damage in a sum according to proof. Id. at 14.

A status conference was held before District Judge Williams B. Shubb on February 13, 2024. ECF No. 13. Judge Shubb issued a scheduling order that stated, in relevant part, that designation of expert witnesses was due by 07/3/2025 with any rebuttal disclosures due by 08/01/2025; and all discovery shall be completed by 08/29/2025. ECF No. 13. Defendants contends that they believed plaintiff was making a "garden variety" emotional distress claim, and that an independent medical examination was accordingly not warranted, until plaintiff disclosed a clinical psychologist as an expert witness on July 3, 2025. ECF No. 20 at 5.

Following plaintiff's expert disclosure, AutoZone retained Kimberly Miller, Ph.D., ABPP-CN, as an expert witness, and on July 16, 2025, AutoZone's counsel spoke with plaintiff's counsel by phone to request that plaintiff attend a Rule 35 mental health examination with Dr. Miller and stipulate to an extension of the expert discovery deadline to permit time for the parties to arrange for the examination given plaintiff's unanticipated disclosure and Dr. Miller's schedule. Id. at 6. Plaintiff did not agree. The motion at bar was filed on July 28, 2025, with a hearing date noticed for August 20, 2025. ECF No. 18.

# II. Analysis

The parties correctly agree that the issue of an independent medical examination is a matter of expert discovery, not fact discovery. ECF No. 20 at 4, 13 (defendants argue "good cause exists to modify the Pretrial Scheduling Order to extend the rebuttal expert discovery and expert discovery completion deadlines for the limited purpose of allowing AutoZone's expert to perform the examination and submit a report" and plaintiff agrees that "the request for an expert

1  medical examination is controlled by expert discovery deadlines[.]"). Plaintiff does not oppose
2  defendants' entitlement to an independent medical examination on substantive grounds; instead,
3  plaintiff argues the motion should be denied because (1) the request for an expert medical
4  examination is controlled by expert discovery deadlines which have expired; (2) defendants
5  displayed lack of diligence because they had knowledge of Barr's claims for emotional distress
6  and failed to take any action to secure a medical examination earlier; (3) a medical examination is
7  not appropriate for use by a rebuttal expert, particularly after the expert rebuttal deadline expired;
8  (4) the motion for a reopening of expert discovery deadlines, pursuant to Federal Rule of Civil
9  Procedure ("FRCP") 16 is not timely noticed – as the hearing date is less than 35 days after filing.
10 ECF No. 20 at 13.

11     First, defendants filed the motion four days before the close of rebuttal expert discovery,
12 and as soon as possible following the required meet and confer efforts, and accordingly the
13 motion was not untimely. Second, for the reasons further explained below, the court does not
14 find any egregious lack of diligence on defendants' part. Third, plaintiffs do not cite any rule
15 stating that an independent medical examination cannot be used in rebuttal, and the court is aware
16 of no such rule. The case law plaintiff relies on, including Wormuth v. Lammersville Union Sch.
17 Dist., 2017 U.S. Dist. LEXIS 131746, *6 (E.D. Cal, Aug. 17, 2017), stands for no such general
18 proposition. And finally, to the extent this combined motion was not properly noticed, the
19 undersigned finds harmless error at most. The motion is fully briefed, the requested examination
20 can be completed before the close of fact discovery, and extending the expert disclosure deadline
21 offers no threat to any of the pending deadlines for dispositive motions or trial. There is no
22 prejudice to any party in granting defendants' motion.

23     Scheduling orders entered before a final pretrial conference occurs may be modified by
24 the court upon a showing of good cause. Fed. R. Civ. P. 16(e). Johnson v. Mammoth
25 Recreations, 975 F.2d 604, 608 (1992). The good cause "standard primarily considers the
26 diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The facts of this case
27 do not demonstrate lack of diligence on the part of defendants. Plaintiff argues that because he
28 disclosed several lay witnesses who "can speak to the emotional distress of plaintiff" and he

1  disclosed that he sought non-economic damages of $10,000,000 in his initial disclosures issued
2  on March 28, 2025, defendants were on notice at least since that time that they needed to seek an
3  independent medical exam.  ECF No. 20-1 at 54-57.  However, such disclosures do not put
4  plaintiff's mental condition "in controversy" within the meaning of Rule 35(a).  It is generally
5  understood that simply claiming damages for mental anguish or emotional distress does not meet
6  the "in controversy" requirement of Rule 35(a).  Turner v. Imperial Stores, 161 F.R.D. 89, 97
7  (S.D. Cal. 1995).

   Instead, a party places his mental condition "in controversy" when, "in addition to a claim of emotional distress, one or more of the following [is present]: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)."  Snipes v. United States, 334 F.R.D. 667, 669 (N.D. Cal. 2020), quoting Turner v. Imperial Stores, 161 F.R.D. 89, 95 (S.D. Cal. 1995).  Here, the complaint did not assert a cause of action for intentional or negligent infliction of emotional distress or include an allegation of a specific mental injury.  ECF No. 1-1 at 10-15.  Plaintiff first put his mental condition in controversy by disclosing an expert witness, and defendants promptly acted to disclose a rebuttal expert on the subject.  There was no lack of diligence.  Accordingly, the court finds good cause to extend the rebuttal expert disclosure deadline and compel the rebuttal medical examination.

### III.   Conclusion

For the reasons set forth below, defendants motion (ECF No. 18) is GRANTED and the rebuttal expert discovery deadline is EXTENDED to September 19, 2025, for the sole purpose of completing the rebuttal Rule 35 examination.  No other deadlines are altered.

IT IS SO ORDERED.

DATED: August 26, 2025

*[signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE