UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

NATHAN BARR,

             Plaintiff,

    v.

AUTOZONERS, LLC; AUTOZONE, INC.;
DWAYNE JOHNSON; and DOES 1 to
100, inclusive,

             Defendants.

No. 2:23-cv-2319 WBS AC

ORDER DENYING PLAINTIFF
NATHAN BARR'S REQUEST TO SEAL
CONFIDENTIAL DOCUMENTS

----oo0oo----

On October 20, 2025, plaintiff filed a request to seal the following documents: (1) "Deposition Exhibit 2 from the Certified Deposition Transcript of Tyra Mariscal"; (2) "Deposition Exhibits 4, 5, 6, 7, 8, and 9 from Exhibits of Issac Chavez"; and (3) "Exhibit 8: A true and correct copy of Previous August 2021 Human Resource Investigation into Alleged Harasser Duane Uhl."  (Docket No. 27-1 at 2.)  Plaintiff states that "[t]he reason for the request to seal the documents is that the parties have stipulated to a Protective Order which has been

1

signed by this Court" and the documents in question were marked "CONFIDENTIAL" pursuant to the terms of the court's protective order (see Docket No. 15) and the stipulation giving rise to it (see Docket No. 14).  (Id.)

Issued on February 23, 2024, the protective order put the parties on notice that the mere "designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal."  (Docket No. 15 at ¶ 2.)  The order explicitly advised the parties that irrespective of the specific terms agreed upon in their stipulation, requests to seal still must always satisfy the requirements of Local Rule 141 and applicable Ninth Circuit precedent.  (Id. (citing E.D. Cal. R. 141).)

Of particular relevance here, Local Rule 141(b) provides that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."  E.D. Cal. R. 141(b) (emphasis added); (see also Docket No. 15 at ¶ 2.).  Thus, among other defects, the request to seal fails to provide the court with any sealing authority other than protective order itself, which by its own terms demands a far greater showing than was provided.  See E.D. Cal. R. 141(b).

Similarly, the protective order also reminds that, in the Ninth Circuit, the party seeking the seal must "articulate[] compelling reasons supported by specific factual findings."

(Docket No. 15 at ¶ 3 (citing Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation and quotation marks omitted).).)  Once again, plaintiff offers none.

IT IS THEREFORE ORDERED that plaintiff's request to seal (Docket No. 27-1) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

Dated:  February 13, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3